# United States District Court
## For The Middle District of Florida
## Tampa Division

| | |
|---|---|
| Blake Warner | Case Number 8:22-CV-02874 |
| v. | |
| Better Mortgage Corporation | |

# Unopposed Motion for Permission for Electronic Case Filing

As the *Plaintiff* in the above-captioned matter, I respectfully ask the Court for permission to participate in electronic case filing ("e-filing") in this case. Specifically, *Plaintiff* requests permission to be added to the docket service list to receive service via CM/ECF filings, and permission to file documents directly with CM/ECF to serve *Defendant* via CM/ECF.

## I  Standard

But to receive an exemption from the general rule that pro se litigants must file paper documents with the Court, a litigant must establish that *"an exemption is necessary to avoid unreasonable burdens and to promote access to in-*

1

*formation.*" See Ogilvie v. Millsaps, No. 8:15-CV-2477-T-36JSS, 2015 WL 6688343, at *1 (M.D. Fla. Oct. 30, 2015)

Quoting Shed v. Univ. of S. Fla. Bd. of Trustees, No. 8:22-CV-1327-KKM-TGW, 2022 WL 2872296, at *2 (M.D. Fla. July 21, 2022) (emphasis mine).

## II  Facts

1. Mr. Warner is a full-time single parent of an elementary aged child.
2. He is employed full-time as a software engineer.
3. He has very recently purchased a home, and is thus currently price sensitive. He may never financially recover from this.
4. He does not have time to visit the court house during normal business hours, to obtain a free copy of filed documents every time there is a new filing.
5. Mr. Warner is prohibited from bringing electronic devices into the federal courthouse.
6. Mr. Warner has twice previously been granted CM/ECF access to this court[1].
7. Mr. Warner has never abused CM/ECF access.

## III  Good Cause

### 1. Public Access

*Plaintiff* has the RECAP plugin installed in his web browser and associated with his PACER, so any filings that are served upon *Plaintiff* via CM/ECF and NAF are automatically published publicly[2]. Therefore it is in the public interest that *Plaintiff* is granted CM/ECF access so that they may have better access to public information.

---

[1] *see* Warner v. Hillsborough County Clerk of Courts (8:22-cv-01977), and Warner v. Corson Realty Group, Inc. (8:20-cv-03093).
[2] *see* https://www.courtlistener.com/docket/66667650/warner-v-better-mortgage-corporation/ and https://www.courtlistener.com/docket/64931560/warner-v-hillsborough-county-clerk-of-courts/.

## 2.  Costs to Access Filings

As the court noted in it's previous order[3], *Plaintiff* incurs costs retrieving electronic copies of filings on his own case from PACER. Indeed *Plaintiff* has already incurred these costs by obtaining copies of all pleadings and orders on this docket from PACER. These are costs that *Defendant* is not forced to incur (NAF gives you a free copy of each filing).

## 3.  Public Access

As previously alleged in § III "Facts", Mr. Warner does not have reasonable access to the free documents at the court house.

## 4.  Efficient Administration of Justice

By allowing all parties to participate in e-filing, service of all documents is automatic and instantaneous. This ultimately means less work for both the clerks and the court alike, and less potential arguments for the *pro se* litigant to make regarding service and filing deadlines.

*Pro se* litigation is already inherently more time consuming and expensive for the court and parties to adjudicate, anything that can be done to mitigate any of the difficulties associated with *pro se* litigation should be well taken.

# IV  Affirmation

I hereby affirm that:

1. I have reviewed the requirements for e-filing and agree to abide by them.

2. I understand that once I register for e-filing, I will receive notices and documents only by email in this case and not by regular mail.

---

[3]D.E. 8

3. I have regular access to the technical requirements necessary to e-file successfully:

   (a) A computer with internet access;

   (b) An email account on a daily basis to receive notifications from the Court and notices from the e-filing system.

   (c) A scanner to convert documents that are only in paper format into electronic files;

   (d) A printer or copier to create required paper copies such as chambers copies;

   (e) A word-processing program to create documents; and

   (f) A pdf reader and a pdf writer to convert word processing documents into pdf format, the only electronic format in which documents can be e-filed.

## V   CONCLUSION

**WHEREFORE**, *Plaintiff* requests that he be given full CM/ECF access to the docket, or at the very least added to the service list to avoid unreasonable burdens placed upon him and to promote access to information.

## Local Rule 3.01(g) Certification

I certify that I have conferred with the opposing party, and they have indicated that they are unopposed to the relief sought in this motion.

## Certificate of Service

I certify that a copy hereof has been furnished to all Defendants.

12-21-2022

Date

*[signature]*

Signature

Blake Warner, *pro se*

2211 S Village Ave

Tampa, FL 33612

E-Service: BLAKE@NULL3D.COM